NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| HERBERT J. LIEBER, et al. Plaintiffs, v. DAVID O. MARCUS, et al. Defendants. | Civil Action No. 12-6549 (JLL) (MAH) OPINION |
|---|---|

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiffs Herbert J. Lieber, Henrietta Friedman, Chaim Stern, Meyer Halpern, Maurice Gletzer, Elliot S. Gordon, and IMF Realty Trust ("Plaintiffs")' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). Plaintiffs seek relief from this Court's grant of summary judgment in favor of Defendants David O. Marcus and Shapiro, Croland, Reiser, Apfel & DiIorio, LLP ("Defendants") on December 27, 2012. The Court has considered the submissions made in support of and in opposition to the instant motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.      BACKGROUND**

On October 3, 2011, Plaintiffs filed a Complaint in the Eastern District of New York. (Docket Entry No. 1). Defendants subsequently filed a motion seeking, among other things, a change of venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Docket Entry No.4). Senior United States District Judge Jack B. Weinstein eventually granted Defendants' motion

1

and transferred the matter to this Court on October 16, 2012. (Docket Entry No. 25). This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

After the transfer, on October 26, 2012, the Court advised Plaintiff's attorney, Joseph O. Giaimo, to have a member of the Federal Bar of New Jersey file an appearance on behalf of Plaintiffs because Giaimo was not a member of that Bar at that time. (Docket Entry No. 27). Shortly thereafter, on November 16, 2013, Defendants filed a new motion to dismiss pursuant to Rule 12(b)(6), relying on New Jersey's Entire Controversy Doctrine, collateral estoppel, and *res judicata*. (Docket Entry No. 36). The Court entered an order converting Defendants' motion into one for summary judgment pursuant to Rules 12(d) and 56 on December 12, 2012, and provided both sides with an opportunity to submit additional supporting documents outside the pleadings. (Docket Entry No. 38). Plaintiffs did not oppose Defendants' motion.

On December 27, 2012, the Court granted summary judgment in favor of Defendants and, thereby, closed this case. (Docket Entry No. 39). The Court held, in pertinent part, that the New Jersey Entire Controversy Doctrine barred Plaintiffs' claims. (*Id.*). Giaimo subsequently filed an informal request for reconsideration dated January 15, 2013. (Docket Entry No. 42). Giaimo explained, in essence, that he thought that the opposition papers that he filed with the Eastern District of New York were transferred to this Court. (*Id.*). The Court denied Giaimo's informal request on January 25, 2013, instructing him to "file a formal application pursuant to any applicable Local Civil Rule or Federal Rule of Civil Procedure." (Docket Entry No. 43). The Court reiterated these instructions on February 14, 2013, when it denied Giaimo's second informal request for reconsideration. (Docket Entry No. 44).

On December 22, 2013, almost one year after the Court filed its Opinion closing this case, Plaintiffs filed a motion for relief from judgment pursuant to Rule 60(b)(6). (Docket Entry No. 45). The Court now considers Plaintiffs' motion.

## II. LEGAL STANDARD[1]

Federal Rule of Civil Procedure 60(b)(6) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." A party seeking such relief must demonstrate that he filed his motion within a "reasonable time" and the existence of "extraordinary circumstances." *Budget Blinds, Inc.*, 536 F.3d at 255; Fed. R. Civ. P. 60(c)(1). To demonstrate "extraordinary circumstances," a movant must show that that an "extreme" and "unexpected hardship" will result from a court's decision to decline relief from judgment. *Budget Blinds, Inc.*, 536 F.3d at 255 (citations omitted).

## III. DISCUSSION

Defendants contend that this Court should not grant Plaintiffs' Rule 60(b)(6) motion because they failed to file it within a reasonable time. (Def. Opp'n Br. 21-25, Docket Entry No. 47). The Third Circuit has clarified that relief under Rule 60(b)(6) "is not subject to an explicit

---

[1] Plaintiffs' reliance on the three-factor test applied by this Court in *Leenstra v. Then*, No. 10-5909, 2013 WL 246876 (D.N.J. Jan. 22, 2013) (Linares, J.), as the appropriate legal standard is misplaced. In *Leenstra*, the plaintiff argued that she was entitled to relief "because her 'failure to timely file opposition was the result of *excusable neglect* and extraordinary circumstances." *Id.* at * 2 (emphasis added and citation omitted). Consequently, the Court construed the plaintiff's motion as one made pursuant to Federal Rule of Civil Procedure 60(b)(1), which may be premised on "excusable neglect" among other things. When a party seeks relief from judgment pursuant to Rule 60(b)(1), a court must consider: "(1) whether vacating the judgment would prejudice the prevailing party; (2) whether the movant offered a meritorious claim on the merits; and (3) whether judgment resulted from the movant's culpable conduct." *Logan v. Am. Contract Bridge League*, 173 F. App'x 113, 116 (3d Cir. 2006) (citing *Lorenzo v. Griffith*, 12 F.3d 23, 27 (3d Cir. 1993)). While this three-factor test applies to motions brought pursuant to Rule 60(b)(1), like the motion in *Leenstra*, it does not apply to those brought pursuant to Rule 60(b)(6). *See, e.g., Budget Blinds, Inc. v. White*, 536 F.3d 244, 256-57 (3d Cir. 2008) (concluding that district court erred in applying three-factor test when it granted relief under Rule 60(b)(6)). To prevail on a Rule 60(b)(6) motion, a movant must instead file his motion within a "reasonable time" and demonstrate "extraordinary circumstances" that justify reopening judgment. *Id.* at 255; Fed. R. Civ. P. 60(c)(1). Here, Plaintiffs explicitly state that their "motion is made under Federal Rule of Civ. Procedure 60(b) [sic] more specifically, the 'catch all' section of 60(b)(6) . . . ." (Pl. Br. 9, Docket Entry No. 45-6). Thus, the three-factor test this Court applied in *Leenstra* is inapplicable here.

3

time limit." *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010) (citation omitted). Instead, "[w]hat constitutes a 'reasonable time' depends on the circumstances of each case. A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *Id.* (internal citations omitted). Thus, the fact that a movant filed a Rule 60(b)(6) motion within one year of the court's filing of the judgment from which he seeks relief is not dispositive. *See id.* Relatedly, a movant's failure to explain his delay in filing a Rule 60(b) motion is probative of whether he filed his motion within a reasonable time. *See Azubuko v. Bunker Hill Comty. Coll.*, 442 F. App'x 643, 644 (3d Cir. 2011) (citation omitted) ("[B]ecause [the movant] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time . . . .").

Here, Plaintiffs have not explained why they waited almost one year to file the instant motion. Instead, they explain only why they did not formally motion for reconsideration of and/or appeal the Court's grant of summary judgment in favor of Defendants. Specifically, Plaintiffs explain that their former attorney, Giaimo, "relied on the transfer of the pleadings from New York[, and] [b]y the time he realized something had gone amiss and wrote the Court both his time to move for reconsideration and/or appeal had lapsed." (Pl. Br. 12). The Court responded to Giaimo's writings to this Court and instructed him twice—on January 25, 2013, and on February 14, 2013—to "file a formal application pursuant to any applicable Local and/or Federal Rule of Civil Procedure." Giaimo did not do so.

Now, almost one year after the Court's grant of summary judgment in favor of Defendants, Plaintiffs, represented by a different attorney, filed the instant motion. Plaintiffs

4

have not suggested that Giaimo did not keep them apprised of the status of this case. Relatedly, Plaintiffs have not suggested that they discovered that the Court granted summary judgment in favor of Defendants only recently. Because this Court cannot intuit a reason why Plaintiffs waited almost one year to file the instant motion, the Court holds that Plaintiffs did not make their motion within a reasonable time. See *In re Diet Drugs*, 383 F. App'x at 246-247 (affirming district court's decision that movants failed to bring Rule 60(b) motion in a reasonable time, in part, because movants filed Rule 60(b) motion exactly one year after challenged pretrial order and failed to explain their delay and district court "could not intuit one . . . ."); *see also Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1178 (10th Cir. 2005) (affirming district court's holding that Rule 60(b) motion made within one year of granting summary judgment was not made within a reasonable time because plaintiff had not given 'sufficient justification for the delay"); *Hailey v. City of Camden*, 631 F. Supp. 2d 528, 552-53 (D.N.J. 2009) (finding that Rule 60(b) motion was not made within a reasonable time, in part, because "there [wa]s no proffered reason for the delay and most certainly the litigant should have known of the grounds long ago."); *United States v. Richlyn Laboratories, Inc.*, 365 F. Supp. 805, 808 (E.D. Pa. 1973) (finding that Government's Rule 60(b) motion was not made within a reasonable time where government delayed over seven months after being advised by court to file a motion). Absent sufficient justification for Plaintiffs' delay in filing this motion, the Court declines to disturb the finality of its judgment. *See Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting *Kock v. Gov't of the Virgin Islands*, 811 F.2d 240, 246 (3d Cir. 1987)) (noting " 'that the finality of judgments is a sound principle that should not lightly be cast aside' "). Accordingly, the Court denies Plaintiffs' Rule 60(b)(6) motion.

Even if Plaintiffs *had* made their Rule 60(b)(6) motion within a reasonable time, their motion would nevertheless be denied because they have failed to demonstrate the existence of extraordinary circumstances. A demonstration of "extraordinary circumstances" requires a showing that an "extreme" and "unexpected hardship" will result from a court's decision to decline relief from judgment. *Budget Blinds, Inc.*, 536 F.3d at 255 (citations omitted). To the extent that Plaintiffs attempt to demonstrate an extraordinary circumstance, Plaintiffs maintain that they "were denied an opportunity to litigate their [malpractice] claims against the Defendants." (Pl. Reply Br. 3, Docket Entry No. 48). However, as explained in the Court's December 27, 2012 Opinion granting summary judgment in favor of Defendants, Plaintiffs' malpractice claims are barred by New Jersey's Entire Controversy Doctrine. *Lieber v. Marcus*, No. 12-6549, 2012 WL 6725839, *3-4 (D.N.J. Dec. 27, 2012). That Doctrine requires "a party to bring in one action all affirmative claims that it might have against another party, *including counterclaims* and cross-claims, . . . or be forever barred from bringing a subsequent action involving the same underlying facts." *Rycoline Prods. v. C & W Unlimited*, 109 F.3d 883, 885 (3d Cir. 1997) (emphasis added and internal quotations and citations omitted). Plaintiffs had an opportunity to litigate their malpractice claims in the context of the state court fee action. In fact, Plaintiffs asserted three affirmative defenses directly related to Defendants' alleged malpractice in the state court fee action that the judge eventually struck because Plaintiffs failed to "serve an expert report to support the claim as evidence." *Lieber*, 2012 WL 6725839 at *2, *4. Any arguments to the contrary should have been presented to this Court in December 2012. Accordingly, this Court denies Plaintiffs' motion.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiffs' motion for relief from judgment pursuant to Rule 60(b)(6) is hereby denied.

An appropriate Order accompanies this Opinion.

DATED: 21 of January, 2014.

JOSE L. LINARES
U.S. DISTRICT JUDGE